AUTO OWNERS FINANCE COMPANY, INCORPORATED *vs.*
DICK CRANSTON FORD SALES, INC.

MAY 9, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

CONDON, C. J. This is an action of trover and conversion which was tried before a justice of the superior court without a jury and resulted in a decision for the plaintiff. The case is here on the defendant's single exception to the decision.

The defendant is a retailer of Ford cars. In April 1960 it had a customer for a particular model which it did not have in stock. It learned that another retailer, Matty's Ford Sales, Inc., had such a model and on April 29 purchased it at net cost. This car was one of several which Matty's had in stock under a floor plan of financing with plaintiff which retained title to the cars under a conditional sale contract. The defendant did not know of this nor did it make any inquiry with reference to Matty's ownership. On a number of prior occasions it had made similar purchases from Matty's without making such an inquiry. However, after the instant sale plaintiff in August 1960 demanded damages for conversion of the car in question because of Matty's default on its conditional sale contract with plaintiff.

While defendant aparently did not have actual knowledge of such contract it is undisputed that it was cognizant of the floor plan financing practice in the trade and that it had itself so transacted business. It is also undisputed that defendant was familiar with and had previously indulged in the practice of Ford dealers of accommodating one another to close a sale as in the case at bar where a seller had a customer for a particular model which he, the seller, did not have in stock. A transaction under this practice was not a sale in the course of trade in its usually accepted sense, but a special mode of dealing by the dealers with each other for their own convenience.

Since it is clear that Matty's had no actual title to the car the only question is whether in the circumstances it had apparent authority to convey plaintiff's title upon which authority defendant had the right to rely. The defendant contends that on the evidence here the trial justice erred in failing to find in accordance with the provisions of G. L. 1956, §6-4-7 (1), that plaintiff was precluded from asserting its title and denying Matty's authority to sell. In support of such contention it cites *Beck* v. *New Bedford Acceptance Corp.*, 62 R. I. 58, and *L. A. W. Acceptance Corp.* v. *Chernick*, 49 R. I. 434, wherein it claims that the circumstances relied upon by this court for applying the statute in favor of the buyer were similar to those in the case at bar.

In each of those cases the challenged sale was by a retailer to a customer in the regular course of business who had no reason to believe that the dealer was not the owner of the car which he was offering for sale. And so we said in effect in *Beck* that where the sale was to a bona fide purchaser in the ordinary course of business the seller had the implied authority to sell notwithstanding the reservation of title in its conditional vendor. Language to the like effect in *L. A. W. Acceptance Corp.* furnished the basis for the decision in favor of the buyer therein.

In the case at bar the sale was not in the regular course of trade. The buyer was not one of the general public who had no reason to know of a probable secret reservation of title in a third person. On the contrary defendant was familiar with the floor plan of financing and was thereby charged with notice that Matty's may not have had title to the car in question. Moreover it was a dealer engaging in a special transaction with another dealer under special terms and not a bona fide purchaser at retail. While the trial justice found that defendant acted in good faith as far as lack of knowledge of plaintiff's title was concerned, he nevertheless found that it had not made proper inquiry

with reference thereto as in the circumstances it was bound to do before purchasing.

The defendant's representative testified that no such inquiry was made because to do so would be an insult to one who was doing you a *favor*. He further testified that in selling to each other it was not the practice for a dealer to ask of another dealer if someone was "doing" its "floor plan." It is apparent from such testimony that the defendant out of regard for the *favor* extended to it was content to run the risk, if any, that Matty's did not have title to the car. In such circumstances we are of the opinion that the trial justice did not err in holding that defendant obtained no better title than Matty's had and that the plaintiff was not precluded from showing that Matty's did not have any title.

The defendant's exception is overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Mortimer W. Newton, John M. Booth,* for plaintiff.

*James F. McCoy,* for defendant.